[772 NYS2d 87]

In the Matter of MARK G. KIRSHNER (Admitted as MARK GEOFFREY KIRSHNER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 9, 2004

## APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Zinker, Gelfand & Herzberg, LLP*, Smithtown (*Jeffrey Herzberg* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated January 22, 2002, containing two charges of professional misconduct. After a preliminary hearing before Special Referee Harwood on February 13, 2002, and a hearing before the late Special Referee Collins on April 26 and May 13, 2002, Special Referee Pizzuto reviewed the transcript and exhibits and sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation in opposition asking that a sanction no more severe than public censure be imposed for his mistaken application of escrow monies.

Charge One alleges that the respondent breached his fiduciary obligations and converted escrow funds to a use other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent was retained by Merkeide Garcia on or about July 27, 2000, to represent her and her family members in the sale of their home to Jose Galeano and Maria Galeano. In July 2000 the sellers were defendants in a foreclosure action related to the premises, entitled *White Mtns. Servs. Corp., Formerly Known as Source One Mtge. Servs. Corp. v Vargas,* pending in the Supreme Court, Nassau County, under index No. 4699/00. The plaintiff in that action (hereinafter the lender), was represented by Howard H. Stein.

On or about August 10, 2000, the lender obtained a judgment of foreclosure against the sellers and a sale of the home was scheduled for September 20, 2000. The respondent prepared a contract of sale and forwarded it to the purchaser's attorney.

The contract called for a sales price of $235,000, and a down payment of $10,000, to be held by the respondent in escrow "until closing of title or sooner release under the terms of the contract."

On or about September 13, 2000, the respondent received copies of the contract executed by the purchasers, together with an official check in the sum of $10,000 payable to the respondent, as attorney, as the purchasers' down payment under the contract. On or about September 20, 2000, the respondent deposited the purchasers' $10,000 down payment into his escrow account at Chase Manhattan Bank. At that time, the respondent entered into a stipulation with Howard H. Stein, the lender's attorney, wherein the lender agreed to adjourn the foreclosure sale of the premises until at least October 12, 2000, in order to give the sellers the opportunity to cure their default. The stipulation set the closing date for any time after 5:00 P.M. on October 12, 2000, "provided that the defendant/mortgagor(s) shall pay to the plaintiff a non-refundable certified check in the sum of $10,000, receipt of which is hereby acknowledged, to be applied first towards the payments of attorney fees, costs, and disbursements and the remainder in reduction of arrears of principal, interest, escrow advances and late charges."

On or about September 20, 2000, without the knowledge and consent of the purchasers or their attorney, the respondent withdrew the purchasers' $10,000 down payment from his escrow account and delivered the same to the lender's attorney, pursuant to the stipulation. Upon the sellers' failure to cure their default, the premises were sold at auction on or about October 17, 2000.

Charge Two, which is predicated upon the same factual allegations as Charge One, alleges that the respondent engaged in conduct which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent submits that a sanction no more severe than public censure is appropriate under the circumstances. By way of mitigation, the respondent emphasizes that the misappropriated funds were not used for his own benefit, that he

returned the funds to the purchasers' attorney upon realizing his error in releasing them, and that the purchasers had already signed another binder by then. The respondent has expressed sincere remorse. The Special Referee found that the respondent's record keeping was "flawless," noting that he "creates and maintains the records conscientiously and in accordance with the codes of professional responsibility." Moreover, the respondent's reputation for honesty and trustworthiness is attested to by the character witnesses who testified on his behalf and the character affidavits submitted by six professional and/or personal acquaintances.

Significantly, the record is replete with evidence concerning the respondent's emotional and physical distress emanating from grave family problems at the time of the underlying circumstances.

The respondent's disciplinary history consists of a letter of admonition, dated November 21, 1997, from the Grievance Committee for the Second and Eleventh Judicial Districts for failing to maintain funds in escrow. The respondent attributes the shortfall in his IOLA account to fraud perpetrated by Consumer Budget Counseling, Inc. (hereinafter CBC), whose services he had retained. The respondent has submitted to the Court a stipulation of settlement from the Supreme Court, Nassau County, whereby CBC was required to cure the shortfall in the IOLA account in the sum of $48,300.

The respondent was also the recipient of two letters of caution from the Grievance Committee for the Tenth Judicial District, dated June 28, 2001, and September 20, 2002, respectively, for failing to timely respond to the reasonable inquiries and requests of a client, failing to render an appropriate account of his receipt and disbursement of funds relating to the client's matter, and failing to file a letter with the petitioner advertising his legal services.

In view of the mitigation offered, the respondent's rapid reimbursement of the escrow funds, and the fact that this was a single isolated instance, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SMITH, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is censured for his professional misconduct.